**WOODARD, Plaintiff, v. WAGNER et, Defendants.**

Common Pleas Court, Franklin County.

No. 190,758.  Decided January 4, 1955.

Jenkins, Williams, Wendt, Murray and Deeg, Columbus, for plaintiff.
Schwenker, Teaford, Brothers and Solesberry, Columbus, for defendants.

## OPINION

By BARTLETT, J.

DEMURRER TO AMENDED PETITION SUSTAINED SINCE IT DOES NOT SHOW A CAUSE OF ACTION ON ITS FACE.

Amended petition recites the plaintiff leased in writing real estate from defendants as a family home for one year at a rental of $65.00 per month; and pursuant thereto entered into possession and paid said rent for one year in the sum of $780.00.

The amended petition refers to and incorporates as a part thereof

the written option and lease between the parties, the pertinent part of which recites as follows:

"In consideration of the sum of $1,500.00 this day paid by Pauline H. Woodard, of Columbus, Ohio, hereinafter referred to as Lessee, to Robert L. Wagner and Doris Wagner, husband and wife, of Columbus, Ohio, hereinafter referred to as Lessors, the said Lessors hereby grant to said Lessee, the exclusive right and option to purchase the following described real estate for the total sum of $11,500.00 at any time within one year from and after June 20, 1953; in the event that this option is exercised by said Lessee, said $1,500.00 will be credited toward said purchase price by said Lessors, and the balance of said purchase price, namely, $10,000.00 may be paid by Lessee then assuming the then balance of a certain F. H. A. Mortgage on said property now owed by said Lessors and paying the difference between said $10,000.00 and said mortgage balance, in cash. If said option is not exercised by Lessee within said one year period, then said Lessors may retain said $1,500.00 as a forfeiture under said option. Said property being known as 1313 E. 20th Avenue, Columbus, Ohio (Lot 329 Waldemere Addition, Plat Book 10, Page 86).

\* \* \*

"Pending the exercise of said Option by said Lessee during said option period, the parties mutually agree that Lessee and her family may occupy said premises from and after the 20th day of June, 1953, at a monthly rental of $65.00 each month; said rental shall be in addition to the said option payment or said purchase price; under no circumstances will said rental arrangement extend beyond June 20, 1954. Provided further, that in the event said option is exercised by Lessee at any time prior to the expiration of said one year period, then the rental arrangement herein provided shall terminate upon the delivery of deed from Lessors to Lessee; provided further however, that if said option is not exercised until after the first six months of said option period, then when the deed is delivered, Lessee will also pay an additional sum of $10.00 rent for each month that said rental arrangement continues after said first six months and up to the time of delivery of deed."

The amended petition says plaintiff did not exercise the option to purchase; avers the provision for forfeiture of the $1500.00 is invalid and unenforceable, and prays judgment for said sum.

"Where property is leased with privilege of purchase and the lessee agrees to pay a certain sum on the purchase price at stated times during the lease, the consideration for such payments is the lessor's agreement to sell at the price stipulated, and if the lessee decides not to exercise the option, the lessor is entitled to retain the payments so made." Syllabus—Weinberg v. Simon, et al., 30 N. P. (N. S.) 257.

"Where, in a lease containing an option to purchase and a provision for monthly payments on the purchase price in addition to the rent, the terms specifically provide for a forfeiture of the lease and all the monthly payments made, upon a default in the payment of the rent or monthly payments; held, such a contract is not contrary to public policy, and in the absence of fraud or mistake, must be enforced." Syllabus—Felss v. Schulkind, 30 N. P. (N. S.) 467.

"The lessor on the loss by the lessee of his right to exercise the option,

may be entitled to retain payments made by the lessee which would otherwise have been applicable to the purchase price; and a lease containing an option to purchase and a provision for monthly payments on the purchase price in addition to the rent, and providing for a forfeiture of the lease, including the option, and all the monthly payments made, on a default in the payment of rent or the monthly payments, is not contrary to public policy." 51 C. J. S. Landlord and Tenant, Sec. 86, p. 647.

"Where the parties express their intention without ambiguity, no room for judicial construction is left and no court may alter their agreement, although the bargain is hard or unwise." 51 C. J. S. Landlord and Tenant, Sec. 81; options to purchase, e. Construction, p. 638; see, also, **13 O. Jur., Damages, Sec. 117, p. 208.**

It is, therefore, the conclusion of this Court that the amended petition does not state a cause of action, and the demurrer thereto is sustained. Entry accordingly with exceptions by counsel for plaintiff.